Curia, per Butler, J.
Whether the plaintiff, representing the estate of Thomas Carroll, has been legally deprived of his right and title to the negroes by the acts of the defendants under a void will, is a very different question from the one involved in this case; which is, should the defendants be held personally liable for a conversion of property of which they had the rightful custody under a judgment of a Court of competent jurisdiction, and which they delivered to those who had a legal right to demand and receive it at law.
The defendants do not now contend that they ever had any legal title to these negroes, either from the will or the probate: for the will being void, it vested no legal title in them — but the position ' which they take is this, that they did not - act as executors by voluntary intrusion into the office, but by virtue of a judgment of a Court competent to pronounce on the authentication and probate of the will; and that they are entitled to the indemnifying protection of that judgment, against liability for all 'acts done bona fide in the due course of administration,'and in the faithful discharge of their trust. They derived their commission from the probate and judgment, and had thereby the rightful custody of the goods and effects of Thomas Carroll, the supposed testator. It is true, this commission could not be used as a pretext to enable them to do any thing in willful derogation of the true owner’s rights after defendants had notice of them; for such would be a violation of trust and a conversion against the title of the true owner. The case resolves itself into this simple proposition: Were the defendants guilty of a conversion which is the gist of this action. In the case reported in 5 Barn. & Ald., 7 E. C. L. R. 249, it was well decided -that the defendant in that case had been guilty of a conversion. He had been acting under the probate of a false and invalid will; and áfter he had notice that he had no title to the property as trustee, he sold it, in willful derogation of the right and title of an executrix appointed by a true and valid will. There was no one, at the time, that could have compelled him to enforce the provisions of the void will. He had the protection of the law in holding the estate for the benefit of the legal and rightful executrix. She alone had the right to demand and receive the estate. In selling the property, therefore, he was clearly guilty of a *5 conversion.; as much, so as an innocent finder of an article would be, should he deliver the thing to the wrong one after he had ascertained the true owner. But suppose the case of a finder who had been lawfully dispossessed of the articles which he had found; it is clear in such a case he would not be liable. This principle is recognized in the case of Burnley vs. Lambert, 1 Wash. 398, as unquestionable law.
The position may be laid down generally, that he that comes into possession of goods by the permission or authority of the law, and parts with them honestly to. one having a right at the time to demand them, should not be held liable. In such cases, where the article has been sold, the party selling would be liable for money had and received, as long it is in his hands ; or for a conversion, if he should refuse to deliver it up to the true owner.
In the case under consideration, the defendants did have a right to take the negroes into their custody, and dispose •of them, while the probate was bona fide in force. A probate, as long as it remains unrepealed, cannot be impeached in the Temporal Courts, and gives the executors full power to receive and dispose of the effects according to the provisions of the will. Allen vs. Douglass, 1 T. R. 123. An executor would have a right j;o sue for and receive debts due to his supposed testator, and a debtor would be indemnified for making the payment, with the restriction and limitation that these things must be done in the bona fide administration of his trust. There is no danger in giving this protection to' an executor under an authenticated but invalid will. The legatees under such a will could compel him to deliver over to them their legacies, with as much right as the executor could compel debtors or bailees to pay debts, or deliver up chattels. -The executor occupies the same legal position to both, and after it should be ascertained that he was not the rightful executor, he has neither the right to receive debts or to deliver over legacies. He has the legal commission to represent the estate for' a time, and during that time he is entitled to personal indemnity. If the legatees had recovered judgment against the present defendants, and the legacies had been paid under that judgment, it would be conceded that the defendants would have been *6 protected. This circumstance only makes the case more palpable, but not stronger — for the 'defendants were not bound to stand suit when the certainty of the result was known. There is a wide difference between an administrator and an executor: the first is entirely an agent of the law, and all acts done by him, in the due course of administration, not only entitle him to personal protection, but they are legally 'valid. An executor derives his legal title to the property from the will, and is owner.under the will, and not under the judgment and probate. These, however, clothe him with his authority ,to exercise his office, and he has a right to hold them up as a shield of personal protection. And it seems to me that it would be a reproach to the law, if it would not vindicate its own judgments when a party acting Iona fide hinder them claims their protection. To make executors personally liable for all the property which they have parted with, under a will pronounced valid at thé time, would lead to frightful consequences; and if such should be the case, they might as well act without probate as with it. It would destroy all confidence in the judgments of Courts.
This case is very little different from that of a sheriff’ selling property under a void judgment, to one who was a party to the fraud. In such case, the title to the thing sold could not be affected so far as" regards third persons having an interest in it. The title would not pass, but the sheriff would not be held personally liable, being an innocent agent of the law, and no party to the fraud. The plaintiff has a right to receive the property from those who have it in possession, and from those who have parted with it in derogation ’ of his rights; but he has no right to make the defendants liable for a conversion.
The Circuit decision is reversed, and a nonsuit ordered.